IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RAYMOND LEE SWEET, TDCJ #00619216, | § § § § | |
| Plaintiff, VS. | § § § | CIVIL ACTION NO. 3:16-CV-69 |
| JAMES I. LAWS, *et al.*, | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Raymond Lee Sweet (TDCJ #00619216), an inmate in the custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, has been granted permission to proceed *in forma pauperis*, and has responded to a questionnaire provided by the Court. Sweet asserts that the defendants violated his right to procedural due process during the course of a prison disciplinary proceeding (Dkt. 1 at p. 5). The Court will dismiss this complaint as frivolous and for failure to state a claim.

I.     **BACKGROUND**

According to the TDCJ website, Sweet is currently serving a 25-year sentence for aggravated assault on a correctional officer with a deadly weapon. In November of 2015, while he was incarcerated in the Ramsey Unit in Brazoria County, Sweet was found

1

guilty in prison disciplinary proceeding #20160070432 of possessing contraband[1] (Dkt. 1 at pp. 3, 10). As punishment, he received a custodial demotion; was put on a disciplinary transfer to a different unit; and had his commissary and telephone privileges restricted for 45 days (Dkt. 18 at pp. 1–2). He was placed in pre-hearing detention for about two months but was not placed in solitary confinement (Dkt. 18 at pp. 1–2). He did not lose good-time credit, and he is not eligible for release to mandatory supervision (Dkt. 18 at p. 2). For what he claims was a violation of his right to procedural due process, Sweet seeks compensatory and punitive damages and the expunction of the conviction from his disciplinary record (Dkt. 1 at p. 7).[2]

## II. THE PLRA

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"). Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party, like Sweet, proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or

---

[1] The contraband at issue was apparently synthetic marijuana (Dkt. 1 at p. 3).
[2] It is likely that at least some of Sweet's claims implicate the *Heck* bar, as discussed by the Fifth Circuit in *Mahogany v. Stalder*, 242 Fed. App'x 261, 263 (5th Cir. 2007) and *White v. Fox*, 294 Fed. App'x 955, 960–61 (5th Cir. 2008). To the extent that Sweet's claims are *Heck*-barred, they are dismissed with prejudice under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), as frivolous and for failure to state a claim.

2

malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

Sweet proceeds *pro se* in this case. Courts construe pleadings filed by *pro se* litigants under a less stringent standard of review. *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle* [*v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). The Supreme Court has clarified that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### III. PROCEDURAL DUE PROCESS

Under the applicable legal standard, Sweet has not stated a viable claim for denial of his right to procedural due process. An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). A prisoner charged with institutional rules violations is only entitled to relief under the Due Process Clause when the disciplinary action resulted in a sanction that infringed upon a constitutionally protected liberty interest. *Sandin v. Conner*, 515 U.S. 472, 483–87 (1995) ("[N]either the Hawaii prison regulation in question, nor the Due Process Clause itself, afforded Conner a protected liberty interest that would entitle him to the procedural protections set forth in *Wolff*."). These protected liberty interests can emanate from either the Due Process Clause itself or from state law—*Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)—but the range of protected interests "has been dramatically narrowed" by the Supreme Court, particularly in its *Sandin* opinion. *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995). The cases indicate that, in order to trigger protection under the Due Process Clause directly (i.e. without implicating a state-created liberty interest), state action must subject the prisoner to consequences that are "qualitatively different from the punishment characteristically suffered by a person convicted of crime." *Toney v. Owens*, 779 F.3d 330, 337 (5th Cir. 2015) (quoting *Vitek v. Jones*, 445 U.S. 480, 493 (1980)); *see also Thompson*, 490 U.S. at 460. Such consequences can include, for instance, an involuntary transfer from a state prison to a mental hospital for psychiatric treatment; the

4

forcible administration of psychotropic drugs; and the imposition of sex-offender classification and conditions on a prisoner who has not been convicted of a sex offense. *See Vitek*, 445 U.S. at 493–94; *Washington v. Harper*, 494 U.S. 210, 221–22 (1990); *Toney*, 779 F.3d at 336–37. Similarly, state-created liberty interests protected by the Due Process Clause "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484 (citations omitted). A state's action can also implicate procedural due process protection when that action "will inevitably affect the duration of [the prisoner's] sentence." *Id.* at 487.

Sweet's claims do not come within the range of protected liberty interests. As mentioned above, Sweet received a custodial demotion; was put on a disciplinary transfer to a different unit; and had his commissary and telephone privileges restricted for 45 days. He did not lose any good-time credit, and he is not eligible for release to mandatory supervision. None of the sanctions imposed on Sweet either constituted an "atypical and significant hardship" or inevitably affected the duration of Sweet's sentence. The sanctions, as a result, were simply not Constitutionally actionable.

The reduction in Sweet's time-earning classification may have affected Sweet's eligibility for early release from prison. But the Due Process Clause does not include a right to conditional release before the expiration of a valid sentence, and the Texas parole

statutes do not create a protected liberty interest because parole in Texas is entirely discretionary. *Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979); *Teague v. Quarterman*, 482 F.3d 769, 774 (5th Cir. 2007); *Kyle*, 65 F.3d at 32. Moreover, the Fifth Circuit has held that reductions in a prisoner's time-earning status, and the potential impact of those reductions on good-time credit earning ability, are too attenuated from the prisoner's ultimate release date to invoke the procedural guarantees of the Due Process Clause. *Malchi v. Thaler*, 211 F.3d 953, 958–59 (5th Cir. 2000); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). The changes in the conditions of Sweet's confinement that are attendant to the reduction in his custody classification do not affect the duration or fact of Sweet's confinement and do not constitute atypical, significant hardships that go beyond the ordinary incidents of prison life. They therefore do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Malchi*, 211 F.3d at 958. The same is true of the disciplinary transfer and of the temporary limitations imposed on Sweet's privileges. *Id.* Sweet has not stated a viable procedural due process claim.

## IV. <u>CONCLUSION</u>

Based on the foregoing, the Court **ORDERS** as follows:

1. Sweet's complaint is **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim.

2. All pending motions are **DENIED** as moot.

The Clerk is directed to provide a copy of this order to the parties. The Clerk is also directed to provide a copy of this order to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

SIGNED at Galveston, Texas on October 13, 2017.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE